OPINION
{¶ 1} Plaintiff-appellant, Ferron Associates, LPA, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, U.S. Four, Inc. and W.D. Equipment Rental, Inc. on Counts 2 through 8 of appellant's second amended complaint. For the following reasons, we affirm that judgment.
 {¶ 2} Appellant is a law firm organized as a legal professional association whose principal place of business is in Franklin County, Ohio. Appellees operate adult entertainment establishments in Franklin County, Ohio. On May 4, 2004, appellees sent an unsolicited fax advertisement to appellant's office fax machine. As a result, appellant filed a complaint against appellees for money damages and declaratory and injunctive relief in the Franklin County Court of Common Pleas. Thereafter, appellant filed a first amended complaint and then a second amended complaint. Appellant asserted eight causes of actions: Counts 1 through 4 alleged violations of the federal Telephone Consumer Protection Act, Section 227, Title 47, U.S. Code, et seq. ("TCPA"), and Counts 5 through 8 alleged violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01
et seq. ("OCSPA"). Appellant sought statutory treble damages for the TCPA violations,[1] statutory damages for the OCSPA violations,[2] reasonable attorney fees and costs pursuant to the OCSPA,[3] a declaration that appellees violated federal laws, and injunctive relief prohibiting appellees from sending any further unsolicited faxes.
 {¶ 3} Ultimately, appellees filed a motion for partial summary judgment, arguing that they were entitled to judgment as a matter of law on Counts 2 through 8 and on appellant's claims for treble damages in Counts 1 through 4. In a decision dated February 11, 2005, the trial court ruled that appellees were entitled to judgment as a matter of law on appellant's second through eighth causes of action. However, the trial court, sue sponte, also ruled that appellant was entitled to judgment as a matter of law on its first cause of action alleging a TCPA violation and granted appellant injunctive relief. The trial court further found that appellees willfully violated the TCPA and awarded appellant treble damages in the amount of $1,500.
 {¶ 4} On February 14, 2005, three days after the trial court's decision, appellant filed its own motion for summary judgment, arguing that it was entitled to judgment as a matter of law on all of its claims. Two days later, appellant filed a motion requesting the trial court to reconsider its summary judgment decision. In an entry filed May 31, 2005, the trial court denied appellant's motion for reconsideration. The trial court never expressly ruled on appellant's motion for summary judgment. Subsequently, a final entry summarizing the trial court's February 11, 2005 summary judgment decision was filed on June 20, 2005. The parties do not dispute on appeal the trial court's grant of summary judgment in favor of appellant on appellant's first cause of action.
 {¶ 5} Appellant appeals, assigning the following errors:
1. THE TRIAL COURT ERRED IN OVERRULING PLANITIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ITS SECOND CAUSE OF ACTION AND, INSTEAD, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THIS CLAIM BECAUSE PLAINTIFF ESTABLISHED THAT DEFENDANTS KNOWINGLY AND WILLFULLY VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT BY SENDING APPELLANT A FAX THAT FAILS TO PROPERLY IDENTIFY THE SENDER.
2. THE TRIAL COURT ERRED IN OVERRULING PLANITIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ITS SECOND CAUSE OF ACTION AND, INSTEAD, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE PLAINTIFF ESTABLISHED THAT DEFENDANTS KNOWINGLY AND WILLFULLY VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT BY SENDING APPELLANT A FAX THAT FAILS TO PROPERLY IDENTIFY THE DATE AND TIME OF THE FAX TRANSMISSION.
3. THE TRIAL COURT ERRED IN OVERRULING PLANITIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ITS SECOND CAUSE OF ACTION AND, INSTEAD, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE PLAINTIFF ESTABLISHED THAT DEFENDANTS KNOWINGLY AND WILLFULLY VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT BY SENDING APPELLANT A FAX THAT FAILS TO PROPERLY PROVIDE THE SENDER'S TELEPHONE OR FAX NUMBER.
4. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF WAS NOT A "CONSUMER" UNDER THE CONSUMER SALES PRACTICES ACT.
5. THE TRIAL COURT ERRED IN FINDING THAT INDIVIDUAL CLAIMS UNDER THE CONSUMER SALES PRACTICES ACT COULD NOT BE ASSIGNED TO PLAINTIFF.
6. THE TRIAL COURT ERRED IN OVERRULING PLANITIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ITS FIFTH CAUSE OF ACTION AND, INSTEAD, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE PLAINTIFF ESTABLISHED THAT DEFENDANTS KNOWINGLY TRANSMITTED AN ADVERTISEMENT BY FAX TO APPELLANT WITHOUT APPELLANT'S PRIOR EXPRESS PERMISSION OR INVITATION.
7. THE TRIAL COURT ERRED IN OVERRULING PLANITIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ITS SIXTH CAUSE OF ACTION AND, INSTEAD, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE PLAINTIFF ESTABLISHED THAT DEFENDANTS KNOWINGLY VIOLATED THE CONSUMER SALES PRACTICES ACT BY SENDING APPELLANT A FAX THAT FAILS TO PROPERLY IDENTIFY THE SENDER.
8. THE TRIAL COURT ERRED IN OVERRULING PLANITIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ITS SEVENTH CAUSE OF ACTION AND, INSTEAD, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE PLAINTIFF ESTABLISHED THAT DEFENDANTS KNOWINGLY VIOLATED THE CONSUMER SALES PRACTICES ACT BY SENDING APPELLANT A FAX THAT FAILS TO PROPERLY IDENTIFY THE DATE AND TIME OF THE FAX TRANSMISSION.
9. THE TRIAL COURT ERRED IN OVERRULING PLANITIFF'S MOTION FOR SUMMARY JUDGMENT AS TO ITS EIGHTH CAUSE OF ACTION AND, INSTEAD, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE PLAINTIFF ESTABLISHED THAT DEFENDANTS KNOWINGLY VIOLATED THE CONSUMER SALES PRACTICES ACT BY SENDING APPELLANT A FAX THAT FAILS TO PROPERLY PROVIDE THE SENDER'S TELEPHONE OR FAX NUMBER.
 {¶ 6} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 7} Appellant's first, second, and third assignments of error address claims brought against appellees pursuant to Section 227(d), Title 47, U.S. Code and Section 63.318(d), Title 47, C.F.R., and will be addressed together.[4] Appellant contends the trial court erred when it granted summary judgment to appellees on Counts 2 through 4 of its complaint. Those claims each alleged that appellees' May 4, 2005 unsolicited fax advertisement violated separate portions of Section 227(d)(1)(B), Title 47, U.S. Code, and Section 63.318(d), Title 47, C.F.R. The language of that statute and regulation requires fax transmissions to contain: (1) the date and time it was sent, (2) the sender's identification, and (3) the sender's phone number or fax machine number. Each of appellant's second, third, and fourth claims alleged that appellees' unsolicited fax transmission failed to include one of these requirements. The trial court ruled that no private right of action exists for these claims. We agree.
 {¶ 8} The TCPA does not provide a private right of action for violations of Section 227(d), Title 47, U.S.Code. Klein v.Vision Lab Telecommunications, Inc. (S.D.N.Y. 2005), ___ F.Supp.2d ___, No. 05 Civ. 3615. In contrast, a private right of action does exist for violations of Section 227(b)(3), Title 47, U.S. Code (a person or entity may bring "an action based on a violation of this subsection or the regulations prescribed under this ubsection.") There is no language in Section 227, Title 47, U.S. Code that creates a similar private cause of action for a violation of subsection (d) or the regulations prescribed under that subsection. Id.
 {¶ 9} There is also no private right of action for violations of the regulations set forth in Section 63.318(d), Title 47, C.F.R. Adler v. Vision Lab Telecommunications, Inc. (S.D.N.Y. 2005), 393 F.Supp.2d 35, 38-39. The language of that regulation does not provide for a private cause of action. There is also no indication that the regulations found in Section 63.318(d), Title 47, C.F.R. were prescribed under Section 227(b), Title 47, U.S. Code, which would allow appellant to bring a private cause of action under that subsection. In fact, the language of that regulation appears to track the language of Section 227(d)(1)(B), Title 47, U.S. Code, not any language found in Section 227(b), Title 47, U.S.Code. Id.
 {¶ 10} Because there is no private cause of action for violations of either Section 227(d)(1)(B), Title 47, U.S. Code or Section 63.318(d), Title 47, C.F.R., the trial court did not err when it granted summary judgment to appellees on appellant's second through fourth causes of action. Appellant's first, second, and third assignments of error are overruled.
 {¶ 11} Appellant's next six assignments of error address their OCSPA claims. The trial court granted summary judgment to appellees on these claims because (1) appellant was not an individual who could assert OCSPA claims, and (2) appellant's employees could not assign their OCSPA claims. In its fourth and fifth assignments of error, appellant disputes both of these grounds.
 {¶ 12} The OCSPA prohibits suppliers from committing unfair, deceptive, or unconscionable acts or practices in connection with a consumer transaction. R.C. 1345.02 and 1345.03. A "consumer transaction" is defined as a "sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." (Emphasis added.) R.C. 1345.01(A). Therefore, in order to fall under the protections of the OCSPA, appellant must first show that it is an individual who was involved in a consumer transaction with appellees. Miner v.Jayco, Inc. (Aug. 27, 1999), Fulton App. No. F-99-001 (to come within realm of OCSPA, must be a consumer transaction between supplier and individual).
 {¶ 13} Appellant is a legal professional association. The trial court relied on Toledo Metro Federal Credit Union v. TedPapenhagen Oldsmobile, Inc. (1978), 56 Ohio App.2d 218, to conclude that only a "natural person" can be an individual for purposes of the OCSPA. Because a legal professional association is not a natural person, the trial court reasoned that appellant was not an individual who could bring claims under the OCSPA. We agree.
 {¶ 14} The term "individual" is not defined in the OCSPA. Lacking such a definition, the Toledo Metro court looked to the Uniform Consumer Sales Practices Act ("the Act"), from which the OCSPA is largely modeled, to ascertain the meaning of the word. In the Act's comments regarding the definition of a consumer transaction, it was noted that a consumer transaction typically involves a natural person. Id. at 221. In Toledo Metro, the court utilized this language to hold that a corporation could not be an individual under the OCSPA because it is not a natural person. Other courts have noted the same distinction. Ostranderv. Andrew (May 31, 2000), Summit App. No. 19833 (purchase of computer did not fall under OCSPA when corporation, rather than natural person, bought the computer); Kraft, Inc. v. HeroldSalads, Inc. (Nov. 13, 1986), Cuyahoga App. No. 51265 (adopting reasoning in Toledo Metro); Watkins Son Pet Supplies v. IamsCo. (S.D.Ohio 1999), 107 F.Supp.2d 883, 893-894 (individual as defined in OCSPA means natural person); Classic Car Centre, Inc.v. Haire Machine Corp. (Ind.App. 1991), 580 N.E.2d 722, 723
(Indiana consumer sales act applies only to individuals, defined as only a natural person); cf. Heritage Hills, Ltd. v. Deacon
(1990), 49 Ohio St.3d 80, 82 (quoting comment from the Act defining consumer transaction to typically involve a natural person); Mermer v. Med. Correspondence Servs. (1996),115 Ohio App.3d 717, 721 (noting that OCSPA enacted to provide relief to individuals).
 {¶ 15} We agree with the reasoning in Toledo Metro that defines an individual for purposes of a consumer transaction in the OCSPA to include only a natural person. Because appellant is not a natural person, it is not an individual as that term is used in R.C. 1345.01(A). Therefore, appellant could not enter into a consumer transaction for purposes of the OCSPA. Because appellant could not enter into a consumer transaction under the OCSPA, it has no claims under the OCSPA. Appellant's fourth assignment of error is overruled.
 {¶ 16} Appellant argues in its fifth assignment of error that even if it has no OCSPA claims of its own, it acquired its employees' OCSPA claims by assignment. Appellant's theory presumes that each one of its employees has an OCSPA claim simply because appellant received the fax. We disagree. The fax at issue was sent to appellant's fax machine at its principal place of business. The fax was not addressed to any specific employee. Appellant did not identify who in its office even saw the fax. An employee of a business does not have an OCSPA claim simply because his or her employer received an unsolicited fax. To hold otherwise would lead to absurd results. For example, if a company with 500 employees received an unsolicited fax, every employee would have a OCSPA claim regardless of whether the fax was addressed to them and regardless of whether they even saw the fax. Such a result is untenable. Because appellant failed to present evidence that the employees who purportedly assigned their OCSPA claims to appellant had claims to assign, appellant's fifth assignment of error is overruled.
 {¶ 17} Our disposition of appellant's fourth and fifth assignments of error render appellant's sixth, seventh, eighth, and ninth assignments of error moot, as those assignments of error address the merits of the OCSPA claims. App.R. 12(A).
 {¶ 18} In conclusion, appellant's first, second, third, fourth, and fifth assignments of error are overruled. The disposition of those assignments of error render appellant's sixth, seventh, eighth, and ninth assignments of error moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.
[1] Pursuant to Section 227(b)(3)(B), Title 47, U.S. Code, a person is entitled to a $500 award for each violation of the TCPA and its regulations. If such violation was done willfully or knowingly, the court may award treble damages.
[2] Pursuant to R.C. 1345.09(B), a consumer may receive three times the amount of its actual damages, or $200, whichever is greater.
[3] R.C. 1345.09(F).
[4] That portion of the trial court's judgment awarding appellant $1,500 on Count 1 of the second amended complaint for appellees' violation of Section 227(b), Title 47, U.S. Code (transmission of unsolicited fax advertisements unless the sender has the recipient's prior express invitation or permission or the two have an established business relationship) is not at issue here.