OPINION
{¶ 1} Plaintiff-appellant, Stanlee E. Culbreath, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, U.S. Four, Inc., W.D. Equipment Rental, Inc., Golding Enterprises LLC, John Basinger, Josh Wellington, and Karen Hockstad. Because the trial court did not err in denying plaintiff a second extension to respond to the summary judgment motion of Golding Enterprises and Hockstad, and because defendants are entitled to judgment as a matter of law on plaintiff's second through eighth causes of action, we affirm.
 {¶ 2} U.S. Four and W.D. Equipment Rental operate Dockside Dolls ("Club") in Columbus, Ohio. U.S. Four owns the liquor permit assigned to the Club, and W.D. Equipment Rental owns the Club's operating assets. John Basinger and Josh Wellington are employees of W.D. Equipment Rental. Golding Enterprises manages the Club, and Hockstad is the Club's legal counsel. Plaintiff is a member of the law firm Culbreath Associates, LPA.
 {¶ 3} On May 4, 2004, a Club employee faxed an unsolicited advertisement to a facsimile machine that plaintiff's law firm, Culbreath Associates, LPA, owned and operated. As a result, plaintiff filed a complaint against defendants alleging four violations of the Telephone Consumer Protection Act, Section 227, Title 47, U.S. Code et seq. ("TCPA") and four violations of the Ohio Consumer Sales Practices Act ("OCSPA").
 {¶ 4} Plaintiff's first cause of action alleged that defendants' unsolicited fax willfully violated Section 227(b)(1) of the TCPA. Plaintiff's second, third, and fourth causes of action alleged that because defendants' unsolicited fax did not properly identify the sender, the date and time the fax was sent, and the sender's telephone number, the fax thrice violated Section 227(d)(1)(B) of the TCPA. Plaintiff's fifth, sixth, seventh, and eighth causes of action alleged that defendants' TCPA violations also violate the OCSPA. Plaintiff sought statutory and treble damages for the TCPA violations, statutory damages for the OCSPA violations, a declaratory judgment that defendants violated the TCPA and OCSPA, and injunctive relief prohibiting defendants from sending unsolicited faxes in the future.
 {¶ 5} On May 23, 2005, Golding Enterprises and Hockstad jointly filed a motion for summary judgment arguing that they lacked prior knowledge of and did not participate in sending the unsolicited fax. On June 8, 2005, plaintiff responded with a Civ.R. 56(F) motion for an extension of time to conduct discovery and respond to the summary judgment motion. Plaintiff asserted that he needed two additional months to obtain and review Golding Enterprises' and Hockstad's responses to his outstanding discovery requests, to propound and process certain additional written discovery requests, and to re-depose the uncooperative owner of Golding Enterprises, Jerry Golding. The trial court granted plaintiff's motion and extended the deadline to August 8, 2005.
 {¶ 6} On August 8, 2005, plaintiff filed a second Civ.R. 56(F) motion for a continuance. Plaintiff argued that because defendants did not produce all the requested personnel records of Club employees working the first week of May 2004, plaintiff was unable to identify and subpoena a number of witnesses that could reveal which defendants were actually involved in the Club's unsolicited fax campaign. Plaintiff added that he did not have enough time to conduct the needed discovery because he did not receive the court's decision until three days before the new deadline.
 {¶ 7} On August 16, 2005, plaintiff filed a motion for summary judgment. Plaintiff's motion contended that he was authorized to recover on his four TCPA causes of action because defendants' unsolicited fax violated the TCPA in four separate ways, he was entitled to statutory and treble damages for each TCPA violation because defendants willfully and knowingly violated the TCPA, and he was authorized to recover on his four OCSPA causes of action because defendants' unsolicited fax also violated the OCSPA in four separate ways. On September 1, 2005, plaintiff filed a motion to compel Jerry Golding to appear for a deposition.
 {¶ 8} On September 2, 2005, U.S. Four, W.D. Equipment Rental, Basinger, and Wellington jointly filed a motion for summary judgment. The joint motion maintained that the unsolicited fax entitled plaintiff to recover statutory damages for one violation of the TCPA, but asserted plaintiff was not entitled to recover treble damages for the violation. The motion also contended that plaintiff was not entitled to bring four separate TCPA causes of action for the one unsolicited fax or to assert OCSPA claims premised on a fax sent to a business entity, not an individual.
 {¶ 9} On September 27, 2005, the trial court issued a decision (1) denying plaintiff's second motion to extend time, (2) granting Golding Enterprises and Hockstad's motion for summary judgment, (3) granting the summary judgment motion of U.S. Four, W.D. Equipment Rental, Basinger, and Wellington, (4) granting in part and denying in part plaintiff's motion for summary judgment, and (5) denying plaintiff's motion to compel discovery. More specifically, the court granted summary judgment in favor of plaintiff on its first TCPA cause of action against U.S. Four, W.D. Equipment Rental, Basinger, and Wellington and awarded plaintiff statutory and treble damages. The trial court granted summary judgment to U.S. Four, W.D. Equipment Rental, Basinger, and Wellington on plaintiff's second, third, and fourth TCPA causes of action and the four OCSPA causes of action and to Hockstad and Golding on all eight of plaintiff's causes of action.
 {¶ 10} Plaintiff appeals, assigning nine errors:
Assignment of Error No. 1:
THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY PRIOR TO RESPONDING TO THE MOTION FOR SUMMARY JUDGMENT OF APPELLEES GOLDING ENTERPRISES, LLC AND KAREN HOCKSTAD.
Assignment of Error No. 2:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS SECOND CAUSE OF ACTION AND, INSTEAD, GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THIS CLAIM BECAUSE APPELLANT ESTABLISHED THAT APPELLEES KNOWINGLY AND WILLFULLY VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT BY TRANSMITTING BY FAX TO APPELLANT AN ADVERTISEMENT THAT FAILS TO IDENTIFY PROPERLY THE SENDER.
Assignment of Error No. 3:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS THIRD CAUSE OF ACTION AND, INSTEAD, GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE APPELLANT ESTABLISHED THAT APPELLEES KNOWINGLY AND WILLFULLY VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT'S REGULATION BY TRANSMITTING BY FAX TO APPELLANT AN ADVERTISEMENT THAT FAILS TO IDENTIFY THE DATE AND TIME THE FAX WAS SENT.
Assignment of Error No. 4:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS FOURTH CAUSE OF ACTION AND, INSTEAD, GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE APPELLANT ESTABLISHED THAT APPELLEES KNOWINGLY AND WILLFULLY VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT'S REGULATIONS BY TRANSMITTING BY FAX TO APPELLANT AN ADVERTISEMENT THAT FAILS TO PROVIDE THE SENDER'S TELEPHONE OR FAX NUMBER.
Assignment of Error No. 5:
THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT A" CONSUMER" ENTITLED TO THE PROTECTIONS OF, AND REMEDIES SET FORTH IN, THE CONSUMER SALES PRACTICES ACT.
Assignment of Error No. 6:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS FIFTH CAUSE OF ACTION AND, INSTEAD, GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE APPELLANT ESTABLISHED THAT APPELLEES KNOWINGLY VIOLATED THE CONSUMER SALES PRACTICES ACT BY TRANSMITTING BY FAX TO APPELLANT AN ADVERTISEMENT WITHOUT APPELLANT'S PRIOR EXPRESS PERMISSION OR INVITATION.
Assignment of Error No. 7:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS SIXTH CAUSE OF ACTION AND, INSTEAD, GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE APPELLANT ESTABLISHED THAT APPELLEES KNOWINGLY VIOLATED THE CONSUMER SALES PRACTICES ACT BY TRANSMITTING BY FAX TO APPELLANT AN ADVERTISEMENT THAT FAILS TO IDENTIFY PROPERLY THE SENDER.
Assignment of Error No. 8:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS SEVENTH CAUSE OF ACTION AND, INSTEAD, GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE APPELLANT ESTABLISHED THAT APPELLEES KNOWINGLY VIOLATED THE CONSUMER SALES PRACTICES ACT BY TRANSMITTING BY FAX TO APPELLANT AN ADVERTISEMENT THAT FAILS TO IDENTIFY THE DATE AND TIME THE FAX WAS SENT.
Assignment of Error No. 9:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS EIGHTH CAUSE OF ACTION AND, INSTEAD, GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO THIS SAME CLAIM BECAUSE APPELLANT ESTABLISHED THAT APPELLEES KNOWINGLY VIOLATED THE CONSUMER SALES PRACTICES ACT BY TRANSMITTING BY FAX TO APPELLANT AN ADVERTISEMENT THAT FAILS TO PROVIDE THE SENDER'S TELEPHONE OR FAX NUMBER.
 {¶ 11} Plaintiff's first assignment of error contends the trial court erred by overruling his second Civ.R. 56(F) motion for an extension of time to conduct discovery prior to responding to the summary judgment motions of Golding Enterprises and Hockstad.
 {¶ 12} Plaintiff argues that he needed a second extension of time because not only did Jerry Golding refuse to cooperate in his deposition, but defendants completely refused to produce relevant, discoverable documents during the first extension period. Plaintiff claims Golding may be able to identify exactly who sent the unsolicited fax. He further contends the requested documents contain information regarding the Club employees working the first week of May 2004 and may reveal which defendants were involved in sending the unsolicited fax. Plaintiff claims that without Golding's deposition and the information contained in the discoverable documents, he does not know exactly how Golding Enterprises and Hockstad were involved with the unsolicited fax, and he thus is unable to contest their motion for summary judgment.
 {¶ 13} Civ.R. 56(F) states that "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." The party requesting a Civ.R. 56(F) continuance bears the burden of establishing a factual basis and the reasons why such party cannot present sufficient facts to justify its opposition without a continuance. Carolina Tobacco Co. v. Petro, Franklin App. No. 04AP-1125, 2006-Ohio-1205, ¶ 39.
 {¶ 14} Whether a party has met its burden under Civ.R. 56(F) is within the trial court's discretion, and a trial court's denial of a motion for continuance will not be reversed absent an abuse of discretion. Id. at ¶ 39. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In denying plaintiff's second Civ.R. 56(F) motion, the trial court noted that plaintiff failed to show either that he was unable to file a response within the original two-month extension or that the requested discovery was necessary to respond to the summary judgment motion. Additionally, the court cited plaintiff's failure to bring the discovery dispute to the court's attention within the original extension period and characterized another two-month extension as an undue delay in the proceedings.
 {¶ 16} Plaintiff's initial Civ.R. 56(F) motion cited the need to obtain and review outstanding discovery requests, to propound and process certain additional written discovery requests, and to re-depose Jerry Golding after Golding's uncooperative behavior prematurely adjourned his March 28, 2005 telephone deposition. Plaintiff had almost two months to complete the needed additional discovery and, if necessary, move the court to compel production of requested documents and Jerry Golding's appearance for a deposition.
 {¶ 17} Plaintiff, however, did not take any affirmative action until the extended responsive deadline. Plaintiff never moved the court to compel defendants to produce the requested discovery documents. Although plaintiff finally moved to compel Golding's appearance at a deposition, plaintiff did so five months after the original deposition and nearly one month after the extended responsive deadline. Instead, at the end of the first continuance, plaintiff simply filed another Civ.R. 56(F) motion, citing the need to complete the same discovery for reasons similar to those set forth in his first Civ.R. 56(F) motion.
 {¶ 18} Plaintiff's actions suggest a lack of diligence, not uncooperative defendants, prevented him from timely responding to the summary judgment motion of Golding Enterprises and Hockstad. Plaintiff's delayed and unsuccessful attempts to receive the needed information were a result of his failure to follow up with defendants and bring the matter to the court's attention. Moreover, because plaintiff essentially reiterated in his second request for a continuance the same reasons cited in his initial Civ.R. 56(F) motion, without sufficiently explaining why the same reasons should persist after two additional months, plaintiff failed to set forth adequate grounds for another two-month extension.
 {¶ 19} Although, as plaintiff notes, the trial court did not grant plaintiff's first Civ.R. 56(F) motion until July 25, 2005, that fact does not alter our decision in this case. Had plaintiff attempted to pursue discovery after filing his first Civ.R. 56(F) request for additional time, only to meet defendants' resistance because of their pending summary judgment motions, plaintiff's contentions would be more persuasive. In the absence of such resistance, this record does not reveal why plaintiff could not have completed the necessary discovery during the first extension of time. On this record, the court did not abuse its discretion in denying plaintiff's second Civ.R. 56(F) motion. Plaintiff's first assignment of error is overruled.
 {¶ 20} Plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error variously contend that the trial court erred when it overruled plaintiff's motion for summary judgment and granted defendants' motions for summary judgment. An appellate court's review of summary judgment is conducted under a de novo review. Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. We apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination.Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103,107; Brown, at 711. We must affirm the trial court's judgment if any of the grounds the movant raised before the trial court support the judgment. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 21} Summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 22} Plaintiff's second, third, and fourth assignments of error are interrelated and will be discussed together. In them, plaintiff claims the trial court erred when it held that plaintiff was not entitled to bring private causes of action pursuant to Section 227(d)(1)(B), Title 47, U.S. Code or the accompanying regulations set forth in Section 63.318(d), Title 47, C.F.R. Plaintiff contends that because Section 227(b), Title 47, U.S. Code creates a private right of action in the same subsection that authorizes the FCC to promulgate regulations, plaintiff is entitled to bring a private cause of action pursuant to Section 227(d)(1)(B), Title 47, U.S. Code for a violation of the regulation. Moreover, plaintiff contends the TCPA and its regulations entitle him to bring a private cause of action for each violation contained in a single unsolicited fax. Plaintiff concludes that because defendants' unsolicited fax thrice violated the regulation, he is able to bring three separate private causes of action pursuant to Section 227(d)(1)(B), Title 47, U.S.Code.
 {¶ 23} Contrary to plaintiff's contentions, this court recently held that the TCPA does not provide a private right of action for violations of Section 227(d), Title 47, U.S. Code or a private cause of action for violations of its regulations set forth in Section 63.318(d), Title 47, C.F.R. Ferron Assoc. v.U.S. Four, Franklin App. No. 05AP-659, 2005-Ohio-6963. Consistent with that opinion, we conclude the trial court did not err when it granted summary judgment to defendants on plaintiff's second, third, and fourth causes of action, and we overrule his second, third, and fourth assignments of error.
 {¶ 24} Plaintiff's fifth, sixth, seventh, eighth, and ninth assignments of error address plaintiff's OCSPA claims and will be discussed together. The trial court granted summary judgment to defendants on plaintiff's OCSPA claims because plaintiff did not create a genuine issue of fact that defendants sent the unsolicited fax to him personally. Plaintiff contends no evidence supports the trial court's contrary conclusion that defendants sent the unsolicited fax to plaintiff's law firm.
 {¶ 25} The OCSPA prohibits suppliers from committing unfair, deceptive, or unconscionable acts or practices in connection with a consumer transaction. R.C. 1345.02 and 1345.03. While a violation of the TCPA is generally considered an unfair, deceptive, or unconscionable act under the OCSPA, a violation of the TCPA is only actionable under the OCSPA if the act is in connection with a consumer transaction. See Ferron Assoc., at ¶ 12. A consumer transaction in the context of this case is defined as a solicitation to supply a service to an individual
for personal purposes. R.C. 1345.01(A) (more fully defining consumer transaction as a "sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for the purposes that are primarily personal, family, or household, or solicitation to supply any of these things"). An individual for the purposes of a consumer transaction in the OCSPA is a natural person, not a corporation. Ferron Assoc., at ¶ 15.
 {¶ 26} Here, plaintiff is a natural person but his law firm, Culbreath Associates LPA, a legal professional association is not. Both parties agree that a Club employee sent the unsolicited facsimile advertisement to a facsimile machine with the number 614.252.5593. Plaintiff avers that he both professionally and personally uses said facsimile machine to send and receive faxes, and he regards any fax received without a readily identifiable recipient as one he received personally. Plaintiff thus claims defendants' unsolicited fax was sent to him personally because the fax did not designate a readily identifiable recipient.
 {¶ 27} While the unsolicited facsimile message did not identify its intended recipient, it was sent to a facsimile machine that Culbreath Associates, LPA admittedly owned and operated. The facsimile number is listed in the Columbus Bar Directory as belonging to Culbreath Associates, LPA. Moreover, according to the evidence, the Club's unsolicited facsimile campaign intended to target large groups of men by soliciting businesses as a whole, such as golf clubs and law firms. The facsimile advertisement expressly referenced the recipient as one of many by stating that "this invitation entitles you and your co-workers to free admission between 11:30am to 7:00pm Monday thru Saturday." Despite plaintiff's subjective belief that the unsolicited facsimile message was sent to him personally, the evidence demonstrates the fax was sent to Culbreath Associates, LPA. Because Culbreath Associates, LPA is not a natural person, the trial court did not err in finding plaintiff's claims not actionable under the OCSPA. Accordingly, plaintiff's fifth assignment of error is overruled, rendering moot plaintiff's sixth, seventh, eighth, and ninth assignments of error.
 {¶ 28} Having overruled plaintiff's first, second, third, fourth and fifth assignments of error, rendering moot plaintiff's sixth, seventh, eighth, and ninth assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and McGrath, JJ., concur.