[Cite as *Schaffer v. Ohio State Univ.*, 2024-Ohio-6140.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ALEX SCHAFFER | Case No. 2024-00461PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION & ENTRY</u> |
| THE OHIO STATE UNIVERSITY | |
| Respondent | |

{¶1} On November 15, 2024, Respondent timely filed objections to the Special Master's Report and Recommendation (R&R). Requester filed a response in opposition to Respondent's objections. Requester did not file objections.[1] The Court sustains Respondent's objections and modifies, in part, and adopts, in part, the Special Master's Report and Recommendation for the reasons that follow.

## I. Background

{¶2} Requester filed his Complaint regarding seven public records requests to Respondent, the Ohio State University (OSU). Requester alleged that OSU did not produce all responsive records to his requests and that some of the redactions on the records that were provided were improper. Requester also alleged that OSU failed to respond to his requests within a reasonable time. Therefore, Requester sought an order compelling the production of additional unredacted records and attorney fees.

---

[1] The Clerk has not received confirmation that Requester received either its November 7, 2024 or its November 25, 2024 certified mail containing the R&R. In an additional attempt to ensure service, on December 10, 2024, the Clerk sent the R&R to Requester via USPS First-Class Mail. Pursuant to Civ.R. 5(B)(2)(c) and Civ.R. 6(D), the Court determined that Requester's objections were due on or before December 24, 2024.

{¶3} On November 7, 2024, the Special Master rendered an R&R in accordance with R.C. 2743.75(F). Pertinent to OSU's objections, the Special Master determined that OSU has not shown that the redactions of tax and banking information of its business partner are justified under R.C. 149.43(A)(1)(dd) and R.C. 149.45. Specifically, the Special Master found that the plain language of R.C. 149.45 allows for the redaction of an individual's personal information and that an LLC is not an individual. Therefore, the Special Master recommended that the Court (1) order OSU to produce unredacted copies of the records filed as pages 53-60 of its evidence regarding the banking information; (2) find that OSU failed to respond to Requester's requests within a reasonable period of time; (3) order that Requester recover his filing fee; (4) Assess the costs of this case against OSU; and (5) deny all other relief.

{¶4} On November 15, 2024, OSU filed an objection to the R&R asserting that the Special Master's recommendation that it be required to produce unredacted LLC tax and banking information was not based on the ordinary application of statutory and case law. On November 18, 2024, Requester filed a Motion to Strike OSU's Objections. Requester asserted that OSU failed to comply with R.C. 2743.75(F)(2), which requires that objections be sent to the other party via certified mail. However, on the same day, and within the objection period, OSU filed a Supplemental Notice of Service certifying that it sent its objections to Requester via certified mail that day. Therefore, Requester's Motion to Strike is DENIED as MOOT.

{¶5} On November 20, 2024, Requester filed a Combined Motion to Strike, Motion for Sanctions, and Motion for Order Compelling OSU's Counsel to Provide Evidence of Electronic Mail Service to Requester. In these Motions, Requester argues that because he did not receive an email copy of OSU's November 18, 2024 supplemental notice of service, the notice should be stricken and OSU's counsel should be sanctioned and ordered to produce the email it said was sent to Requester. Upon review, these motions are not well taken. The Court is mindful that the Ohio Supreme Court "has repeatedly emphasized the fundamental tenet that courts should strive to decide cases on their merits." *Natl. Mut. Ins. Co. v. Papenhagen*, 30 Ohio St.3d 14, 15 (1987). Further, the Court finds that Requester has not been prejudiced by the alleged absence of an email because he has received and responded to OSU's objections. Therefore, Requester's

Combined Motion to Strike, Motion for Sanctions, and Motion for Order Compelling OSU's Counsel to Provide Evidence of Electronic Mail Service to Requester is DENIED.

## II.    Law and Analysis

{¶6} Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.); *see Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 32. Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7} In contrast, a public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Supreme Court of Ohio held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶8} Here, OSU redacted the employer information number and bank account numbers of an LLC it does business with citing R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1)(b), (d), and (e) as justification. R.C. 149.43(A)(1)(dd) states that a public record is not "[p]ersonal information, as defined in section 149.45 of the Revised Code".

The definition of personal information in R.C. 149.45(A)(1) includes "(b) An individual's state or federal tax identification number; . . . (d) An individual's checking account number . . . [and] (e) An individual's demand deposit account number . . . or any other financial . . . account number."

{¶9} In its objections OSU argues that the Special Master erred in determining that "individual", as used in 149.45(A)(1), does not include an LLC.  Specifically, OSU stated that the Special Master's reliance on *Toledo Metro Fed. Credit Union v. Ted Papenhagen Oldsmobile, Inc.*, 56 Ohio App.2d 218 (6th Dist. 1978) to determine the meaning of "individual" was not based on the ordinary application of statutory and case law.  In the alternative, OSU argues that the redacted banking information is not a record because it does not document the activities of the public office.

{¶10} R.C. 1.42 states "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.  Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."  As it relates to public records, "individual" does not have a particular meaning, therefore, when interpreting public records statutes, it shall be read in context and construed according to common usage.  Here, reading R.C.149.45 in context with R.C. 149.43—which specifically uses the term "personal"—the Court finds that "individual" refers to a natural person, not an LLC or other entity.   Therefore, the Special Master did not err in determining that R.C. 149.45 does not apply to the redactions at issue in this case.  However, the Court finds that the redacted information is not a record.

{¶11} In order to establish that a document is a record, a requester must prove "that they are (1) documents, devices, or items, (2) created or received by of coming under the jurisdiction of [the respondent], (3) which serve to document the organization, functions, policies, decisions, procedures, operations, or other activities" of a public office respondent.  *State ex. rel. O'Shea & Assocs. Co., L.P.A v. Cuyahoga Metro. Hous. Auth.*, 2012-Ohio-115, ¶ 23.

{¶12} Requester has failed to show that the tax information and account and routing numbers appear on the invoices for any purpose other than the administrative convenience of OSU's business partner.  *Dispatch v. Johnson*, 2005-Ohio-4384,

¶ 25; *Wengerd v. E. Wayne Fire Dist.*, 2017-Ohio-8951, ¶ 37 (Ct. of Cl.) (bank account or routing information, to the extent they are used only for administrative convenience and reveal nothing about the agency's conduct, would be non-record information).  There is no reason to believe that OSU did, or must, use the bank account and routing numbers on the invoices in documenting its own activities.  *See Hicks v. Newtown*, 2018-Ohio-1540, ¶ 16-20 (Ct. of Cl.).  Therefore, the Court finds that the Special Master erred in determining that the redactions are subject to production.

## III.    Conclusion

The Court SUSTAINS OSU's objections.  Therefore, the Report and Recommendation is MODIFIED and ADOPTED as follows: the Court (1) finds that the redactions to the invoices are lawful as the redacted information is not a record; (2) finds that OSU failed to respond to Requester's requests within a reasonable period of time; (3) orders that Requester recover his filing fee; (4) assesses the costs of this case against OSU; and (5) denies all other relief.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the Journal.

LISA L. SADLER
Special Master

**Filed December 26, 2024**
**Sent to S.C. Reporter 1/21/25**