HERITAGE HILLS, LTD., APPELLEE, *v.* DEACON, APPELLANT.

[Cite as Heritage Hills, Ltd. *v.* Deacon (1990), 49 Ohio St. 3d 80.]

(No. 88-1651 — Submitted October 25, 1989 — Decided February 21, 1990.)

*Southeastern Ohio Legal Services, Gary M. Smith, Ohio State Legal Services Assn.* and *Kalpana Yalamanchili,* for appellant.

*Schottenstein, Treneff & Williams* and *Craig P. Treneff,* for appellee.

*Eslocker, Grim, Hodson & Dioguardi* and *William A. Grim,* urging reversal for *amicus curiae,* Athens Metropolitan Housing Authority.

*Legal Aid Society of Cleveland, Paul Herdeg* and *Peter M. Iskin,* urging reversal for *amicus curiae,* Cleveland Tenants Organization.

*Bruce H. Kiracofe,* urging reversal for *amici curiae,* Columbus Housing Law Project and Columbus Tenants Union.

*Crabbe, Brown, Jones, Potts & Schmidt, Jeffrey M. Brown* and *Theodore F. Claypoole,* urging affirmance for *amicus curiae,* Columbus Apartment Association.

*Emens, Hurd, Kegler & Ritter* and

*Lawrence F. Feheley*, urging affirmance for *amicus curiae*, Ohio Housing Authorities Conference.

SWEENEY, J. Appellant has sought declaratory and injunctive relief pursuant to R.C. 1345.09 to prevent appellee from enforcing its policy of ascribing responsibility for all unexplained damages to an apartment to the lessee thereof. R.C. 1345.09(D) provides:

"Any consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates this chapter."

In order to ascertain whether appellant is entitled to the relief under the preceding subsection, it is necessary to determine whether a residential lease agreement constitutes a "consumer transaction" as defined by R.C. 1345.01(A). This subsection, at the time relevant herein, provided as follows:

"As used in section 1345.01 to 1345.13 of the Revised Code:

"(A) 'Consumer transaction' means a *sale, lease*, assignment, award by chance, or other transfer *of an item of goods, a service, franchise, or an intangible*, except those transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, or between attorneys or physicians and their clients or patients, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." (Emphasis added.)

While the Act does not specifically exclude a lease of real property, the Official Comment by the National Conference of Commissioners on Uniform State Laws regarding the definition of "consumer transaction" in the model Act (upon which R.C. Chapter 1345 is founded) is instructive. The comment states as follows:

"A consumer transaction typically involves a natural person who obtains or is solicited to obtain an item of goods, a service, or an intangible primarily for personal, family, or household purposes. Also included are certain analogous transactions in which a natural person obtains or is solicited to obtain a business opportunity in which he has not been previously engaged. In view of the extensive state regulation of securities transactions, their inclusion is left optional. *On the assumption that land transactions frequently are, and should be, regulated by specialized legislation, they are excluded altogether.*" (Emphasis added.) 7A Uniform Laws Annotated, Business and Financial Laws (Master Ed. 1985), Uniform Consumer Sales Practices Act, 233, Official Comment to Section 2(1), at 235.

Appellant maintains that the aforementioned exclusion applies only to the sale of real property. It is therefore the contention of appellant that a lease is merely the provision of a service, rather than a "land transaction." However, this court has previously observed in *Brenner* v. *Spiegle* (1927), 116 Ohio St. 631, 157 N.E. 491, at paragraph one of the syllabus:

"A lease of real estate is a conveyance by the owner of an estate in land of a portion of the owner's interest therein to the lessee for a term less than the owner's own, and it passes a present interest in the land. Such a conveyance for a consideration constitutes a sale of an interest in real estate."

Appellant criticizes the reliance by the appellate court on the decision of the Washington Supreme Court in *State* v. *Schwab* (1985), 103 Wash. 2d 542, 693 P. 2d 108. The criticism is based in part on the observation that the *Schwab* court was aware that the Washington Legislature had previous-

ly rejected application of the provisions of its Residential Landlord-Tenant Act to its version of the Consumer Sales Practices Act. However, as noted by appellee, a bill (S.B. No. 156) specifically including the lease of real property within the definition of "consumer transaction" was similarly rejected by the Ohio General Assembly. See Note, H.B. 681: An Amendment to Ohio's Consumer Sales Practices Act (1979), 4 U. Dayton L. Rev. 519, 521, at fn. 17.

Additionally, R.C. Chapter 5321 specifically addresses the landlord-tenant relationship. R.C. 5321.14(A) is directed toward unconscionable clauses in residential agreements. It provides:

"If the court as a matter of law finds a rental agreement, or any clause thereof, to have been unconscionable at the time it was made, it may refuse to enforce the rental agreement or it may enforce the remainder of the rental agreement without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

This specific statutory scheme for resolving landlord-tenant disputes would appear to exclude application of R.C. Chapter 1345 to residential leases. In a similar context, the Kansas Supreme Court in *Chelsea Plaza Homes, Inc.* v. *Moore* (1979), 226 Kan. 430, 434, 601 P. 2d 1100, 1104, observed as follows:

"Clearly, the Consumer Protection Act covers a very broad area of transactions; whereas, the Residential Landlord and Tenant Act covers one very specific small area of transactions, and is complete within itself for that area. We therefore must conclude that for all transactions within its purview the Residential Landlord and Tenant Act controls and preempts the field."

Accordingly, we hold that R.C. Chapter 1345 (Consumer Sales Practices Act) does not apply to residential lease transactions.

For the reasons stated above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.