DECISION AND JOURNAL ENTRY
Appellant, Theresa Ostrander, appeals the entry of summary judgment against her by the Summit County Court of Common Pleas. We affirm.
Construing the facts in a light most favorable to the non-moving party, Ms. Ostrander brought a computer to Michael Andrew, doing business as Mac Exchange, appellee, for repair. Mr. Andrew estimated that it would be prohibitively expensive to repair the computer, costing several thousand dollars. Ms. Ostrander then sold the broken computer to Mr. Andrew for $200. On April 15, 1999, Ms. Ostrander purchased a computer from Mr. Andrew, which Mr. Andrew represented to be new. She purchased the computer using a check drawn on the account of Old Forge Services Company ("Old Forge"), which was listed as the purchaser on the sales receipt. Thereafter, Ms. Ostrander learned that the computer was used and that the old computer could have been fixed for $200, substantially less than Mr. Andrew had said repairs would cost. A letter was sent by an attorney representing Old Forge to Mr. Andrew, complaining of his actions. Furthermore, Ms. Ostrander alleges that Mr. Andrew falsely represented himself to Ms. Ostrander as an authorized retailer of Macintosh Computers.
On April 28, 1999, Ms. Ostrander filed suit seeking damages under R.C. 1345 et seq. for the unconscionable, unfair, and deceptive acts committed by Mr. Andrew and alleging that Mr. Andrew's acts caused $12,000 in actual damages. She also sought treble damages pursuant to R.C. 1345.09. She further asserted claims for breach of contract, fraud, and negligent misrepresentation, as well as claims for punitive damages in each instance. On August 27, 1999, Mr. Andrew filed a motion for partial summary judgment as to Ms. Ostrander's claims under R.C. 1345 et seq. and the punitive damage claims that were based on her status as a consumer. On October 1, 1999, the trial court entered partial summary judgment in favor of Mr. Andrew. Ms. Ostrander dismissed her remaining claims without prejudice, and the trial court issued an order stating that there was no just reason for delay on October 14, 1999. This appeal followed.[1]
Ms. Ostrander asserts one assignment of error:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
 Ms. Ostrander avers that the trial court erred in entering summary judgment in favor of Mr. Andrew because there are material issues of fact remaining to be litigated with regard to whether the computer was purchased primarily for consumer or personal use, and hence, whether the transaction is covered by the Consumer Sales Practices Act. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
The Consumer Sales Practices Act prohibits unfair or deceptive acts, R.C. 1345.02, and unconscionable acts or practices, R.C. 1345.03, in consumer transactions. Consumer transactions are defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A).
 "A consumer transaction typically involves a natural person who obtains or is solicited to obtain an item of goods, a service, or an intangible primarily for personal, family, or household purposes. Also included are certain analogous transactions in which a natural person obtains or is solicited to obtain a business opportunity in which he has not been previously engaged."
Heritage Hills, Ltd. v. Deacon (1990), 49 Ohio St.3d 80, 82, quoting 7A Uniform Laws Annotated, Business and Financial Laws (Master Ed. 1985), Uniform Consumer Sales Practices Act, 233, Official Comment to Section 2(1), at 235.
In the present case, the computer was purchased using a check drawn from the account of Old Forge. Moreover, that company is listed as the purchaser of the computer on the sales receipt from Mac Exchange. Also, in a letter dated April 23, 1999, it was an attorney representing Old Forge who complained of Mr. Andrew's conduct regarding the sale of a computer to Old Forge. Ms. Ostrander avers in her affidavit that the malfunctioning computer, which she originally brought to Mr. Andrew for service, was given to her as a bonus by Old Forge. Although, in her affidavit, Ms. Ostrander states that the malfunctioning computer was used by her for at least some personal purposes, she does not aver what the new computer was purchased for or whether it was purchased for her by Old Forge or whether it was purchased by Old Forge for itself as a replacement for the malfunctioning computer which was given to her. Hence, we conclude that no genuine issue of material fact remains in dispute as to whether the Consumer Sales Practices Act applies to the transaction in question because: (1) the sale of the malfunctioning computer was to Mr. Andrew where, to be a consumer transaction, the sale must be "to an individual for purposes that are primarily personal," (Emphasis added.) R.C.1345.01(A); (2) the purchase of the new computer was by a corporation rather than a natural person, Deacon,49 Ohio St.3d at 82; Toledo Metro Fed. Credit Union v. Ted Papenhagen Oldsmobile,Inc. (1978), 56 Ohio App.2d 218, 221; and (3) although Ms. Ostrander may have used the malfunctioning computer for some personal purposes, the new computer was not purchased primarily for personal use, Barazzotto v. Intelligent Systems, Inc. (1987),40 Ohio App.3d 117, 121. Hence, as we conclude that the transaction in this case was not covered by the Consumer Sales Practices Act, R.C. 1345.01 et seq., we conclude that the trial court did not err in entering summary judgment against Ms. Ostrander for her claim under that act. Accordingly, Ms. Ostrander's assignment of error is overruled.
Ms. Ostrander's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
WHITMORE, J. CONCURS.
[1] The Attorney General of Ohio was notified of Ms. Ostrander's suit on May 3, 1999 but has not appealed the trial court's ruling.