[Cite as *Strevel v. Fresh Encounter, Inc.*, 2015-Ohio-5004.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| ICY STREVEL, | : | |
| | : | Case No. 15CA5 |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| FRESH ENCOUNTER, INC., | : | |
| | : | |
| Defendant-Appellee. | : | **Released: 11/24/15** |

_____
APPEARANCES:

Conrad A. Curren, Greenfield, Ohio, for Appellant.

Thomas J. Gruber and Michael P. Cussen, McCaslin, Imbus & McCaslin, Cincinnati, Ohio, for Appellee.

_____

McFarland, A.J.

{¶1} Appellant, Icy Strevel, appeals the February 20, 2015 entry of the Highland County Court of Common Pleas, granting summary judgment to Appellee Fresh Encounters, Inc. Having reviewed the record and the pertinent law, we affirm the judgment of the trial court.

FACTS

{¶2} This lawsuit arises subsequent to an incident which occurred on July 22, 2012 on the premises of the Community Market in Greenfield, Ohio. Community Market is a local food market owned by Fresh

Encounters, Inc.  On that date, Strevel stepped into a pothole and fell to the ground.  She subsequently claimed personal injuries and medical expenses.

{¶3}  On June 18, 2014, Appellant filed suit against Fresh Encounters, Inc. dba Community Market.  Appellee filed a timely answer.  Appellant's deposition was taken on October 30, 2014.  On December 10, 2014, Appellee filed a motion for summary judgment.  Appellant filed a memorandum contra defendant's motion for summary judgment on December 29, 2014.  Appellee also filed a reply on January 7, 2015.

{¶4}  On February 20, 2015, the trial court filed a decision granting Appellee's motion for summary judgment and final judgment entry.  This timely appeal followed.  Where relevant, portions of Appellant's deposition testimony will be cited below.

## ASSIGNMENT OF ERROR

I.    "THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFF/APPELLANT IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT WHEN GENUINE ISSUES OF MATERIAL FACTS EXISTED."

## A. STANDARD OF REVIEW

{¶5}  Initially, we note that appellate courts conduct a de novo review of trial court summary judgment decisions. See, *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  Accordingly, an appellate court must independently review the record to determine if summary

judgment is appropriate and need not defer to the trial court's decision. See,

*Brown v. Scioto Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d

1153 (4th Dist. 1993); *Morehead v. Conley*, 75 Ohio App.3d 409, 411-12,

599 N.E.2d 786 (4th Dist. 1991).  Thus, to determine whether a trial court

properly granted a summary judgment motion, an appellate court must

review the Civ.R. 56 summary judgment standard, as well as the applicable

law.

Civ.R. 56(C) provides, in relevant part, as follows:

* * * Summary judgment shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence in the pending case, and written stipulations of fact, if

any, timely filed in the action, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of

law.  No evidence or stipulation may be considered except as stated in this

rule.  A summary judgment shall not be rendered unless it appears from the

evidence or stipulation, and only from the evidence or stipulation, that

reasonable minds can come to but one conclusion and that conclusion is

adverse to the party against whom the motion for summary judgment is

made, that party being entitled to have the evidence or stipulation construed

most strongly in the party's favor.

{¶6} Pursuant to Civ.R. 56, a trial court may not award summary judgment unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and after viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, *Vahila v. Hall*, 77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164 (1997).

### B. LEGAL ANALYSIS

### 1. Negligence

{¶7} Before we address the specific arguments raised by Appellant's assignment of error, we note that Appellant's action is based on a claim of negligence. The trial court's decision found that Appellant was a business invitee of Appellee, who as owner of the premises had the duty to maintain its business premises in a reasonably safe condition. We begin by reviewing the general Ohio law on negligence and premises liability.

{¶8} A successful negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the duty of care, and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, *Texler v. D.O. Summers*

*Cleaners*, 81 Ohio St.3d 677, 680, 693 N.E.2d 217 (1998); *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989); *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984). If a defendant points to evidence to illustrate that the plaintiff will be unable to prove any one of the foregoing elements, and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. See *Lang v. Holly Hill Motel,* Inc., 4th Dist. Jackson No. 06CA18, 2007-Ohio-3898, at ¶ 19, affirmed, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120.

{¶9} The existence of a defendant's duty is a threshold question in a negligence case. See, *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13. In a premises liability case, the relationship between the owner, or occupier, of the premises and the injured party determines the duty owed. See, *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996); *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). Ohio law recognizes three distinct classes: trespassers, licensees, and invitees. *Geog v. Jeffers,* 4th Dist. Athens No. 94CA1613, 1994 WL 704529, *2.

{¶10} "It is generally held that the occupier of premises, who invites another to enter upon the premises, for some purpose of interest or advantage to such occupier, owes to the person so invited a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of that invitation. 38 *American Jurisprudence*, 754, Section 96. The reason for imposing this duty, with respect to invitees and not with respect to licensees or trespassers, is that the invitee is on the premises for a purpose of interest or advantage to the occupier." *Id. Lampe v. Magoulakis,* 159 Ohio St. 72, 111 N.E.2d 7 (1953). The economic or tangible benefit test has long been recognized by Ohio courts in order to distinguish the status of an invitee from that of a licensee. *Id. Provencher v. Ohio Dept. of Transp.,* 49 Ohio St.3d 265, 266, 551 N.E.2d 125 (1990).

{¶11} The trial court correctly determined that Appellant was a business invitee on the premises of the grocery store for the purposes of shopping, which is an advantage to Appellee. A premises owner possesses the duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that business invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985). As a business invitee,

Appellant was owed the duty to maintain the premises in a reasonably safe condition.

### 2. The "Open and Obvious" Doctrine

{¶12} A premises owner or occupier is not, however, an insurer of its invitees' safety. *Id.* While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see, *Jackson v. Kings Island*, 58 Ohio St.2d 357, 358, 390 N.E.2d 810 (1979), invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, *Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 623 N.E.2d 1175 (1993); *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589, (1968) paragraph one of the syllabus.

{¶13} Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See, *Armstrong,* at ¶ 5; *Sidle,* paragraph one of the syllabus. By focusing on duty, "the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Armstrong* at ¶ 13. The underlying rationale is that, "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.* at ¶ 5.

"The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id.* at ¶ 13. Thus, the open and obvious doctrine obviates the duty to warn and acts as a complete bar to recovery. *Id.* at ¶ 5. Furthermore, the issue of whether a hazard is open and obvious may be decided as a matter of law when no factual issues are disputed. *Nageotte v. Cafaro Co.,* 160 Ohio App.3d 702, 710, 2005-Ohio 2098, 828 N.E.2d 683 (6th Dist.) at ¶ 28, citing *Armstrong.*

{¶14} Here Appellant testified she had driven to the Community Market with a friend to pick up a pizza. She parked about 8 spaces away from the store's entrance. Appellant was aware that there were holes "all around" the parking lot, due to her prior experience shopping there. She and her friend shopped separately and proceeded to get into the car to leave. Appellant specifically testified as follows:

> "Hazel got in and she was getting in and I opened up the door and then I wanted to put mine in the back part. And I opened up the back door and when I had to step back that's when I fell."
>
> * * *
>
> "Yeah, and I was going to get in and I thought I would put my things in the back so I stepped back there. I didn't look behind me, you know."

* * *

"When I was going to - - - well, I stepped back a little bit, you know, and I put the things in there and then I had to step back more to shut the door * * * And my heels on my shoes went, you know, in the hole."

{¶15} Appellant testified she stepped back with both feet. When she fell, she fell on her buttocks and hit her head and her back. Appellant specifically testified she had never seen the hole before she fell, but she saw it afterwards. She described it as "big" and "four or five inches deep."

{¶16} "To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." *Lang*, *supra*, at ¶ 17, quoting *Stamper v. Middletown Hosp. Assn.,* 65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040 (12th Dist. 1989) (internal citations omitted). The trial court concluded that the hole in the parking lot was open and obvious. While Appellant did not admit knowledge of this particular hole, she was aware of the existence of other holes in the lot and this knowledge placed her on notice of the possible dangers in the lot. The trial court pointed out Appellant failed to look and discover the hole prior to her fall. However, Appellant argues not every obstacle that can be seen meets the open and obvious criteria.

### 3. "Attendant Circumstances"

{¶17} "Attendant circumstances" may also create a genuine issue of material fact as to whether a hazard is open and obvious.  See, *Lang* at ¶ 24; *Cummin v. Image Mart, Inc.,* 10th Dist. Franklin No. 03AP1284, 2004-Ohio-2840, at ¶ 8, citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist. 1996).  An attendant circumstance is a factor that contributes to the fall and is beyond the injured person's control. See, *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 158, 684 N.E.2d 1273 (7th Dist. 1996).  "The phrase refers to all circumstances surrounding the event, such as time and place, the environment or background of the event, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." *Cummin at ¶ 8,* citing *Cash v. Cincinnati,* 66 Ohio St.2d 319, 324, 421 N.E.2d 1275 (1981).  An "attendant circumstance" has also been defined to include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *McGuire,* 118 Ohio App.3d at 499, 693 N.E.2d 807.

{¶18} Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an

unusual circumstance of the property owner's making. See, *Id.* at 498, 693 N.E.2d 807. Moreover, an individual's particular sensibilities do not play a role in determining whether attendant circumstances make the individual unable to appreciate the open and obvious nature of the danger. As the court explained in *Goode v. Mt. Gillion Baptist Church,* 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, at ¶ 25: "The law uses an objective, not subjective, standard when determining whether a danger is open and obvious. The fact that appellant herself was unaware of the hazard is not dispositive of the issue. It is the objective, reasonable person that must find that the danger is not obvious or apparent." Thus, we use an objective standard to determine whether the danger associated with the condition was open and obvious. Furthermore, the question of whether a danger is open and obvious is highly fact-specific. *Stanfield v. Amvets Post No. 88,* 2nd Dist. Miami No. 06CA35, 2007-Ohio-1896, at ¶ 12; *Henry v. Dollar General Store,* 2nd Dist. Butler No. 2002CA47, 2006-Ohio-206, at ¶ 16.

{¶19} Appellant directs us to *Walters v. Eaton,* 12th Dist. Preble No. CA200106012, 2002-Ohio-1338, wherein the appellate court held that a fact issue existed as to whether attendant circumstances enhanced the danger of a manhole cover with a gap in a cross walk, even though the Plaintiff admitted that she was not looking down as she crossed the street. In *Walters, supra,*

Linda Walters was with her family in the city of Eaton, crossing a designated crosswalk, when her foot was caught in a gap between a manhole cover and asphalt, causing her to fall. She sustained injuries and eventually filed a negligence suit. The testimony in the case was that traffic was usually heavy in the area, the crosswalk was marked but not protected with a traffic signal, and drivers did not always stop for pedestrians. Walters testified she was not looking down as she walked because she had to watch for traffic. She testified she was aware of the manhole, but not aware of the gap.

{¶20} The 12th District Court of Appeals held, construing the facts of the case in the light most favorable to Walters, reasonable minds could conclude that attendant circumstances significantly enhanced the defect's danger and contributed to Walters' fall. The court noted that Walters was not looking down at the pavement of the street as she crossed the crosswalk because she was concerned with approaching traffic. The crosswalk, although marked by a pedestrian sign, did not have traffic lights to protect crossing pedestrians from oncoming vehicles. There was testimony that motorists did not always stop for pedestrians in the crosswalk, despite the traffic sign. In fact, Walters testified that the traffic continued driving around her after she fell. The supervisor of street maintenance for the city

confirmed that the streets that intersect near the crosswalk are probably the two most frequently traveled streets in Eaton. The supervisor, in his testimony, admitted that the manhole in its condition could be a roadway hazard for pedestrian traffic using the crosswalk.

{¶21} Appellant specifically asserts her case mirrors the facts in the recent decision of *Gibson v. Dairy Mart,* 11th Dist. Lake Nos. 2014-L-041, 2014-L-043, 2014-Ohio-4542. Appellant contends, as in *Gibson,* she did not see the hole when she exited her car, nor did she see it when she stepped backwards one step to close her door. In *Gibson,* the plaintiff went to the Dairy Mart to buy lottery tickets. She had been on the parking lot of the Dairy Mart approximately 10 times before. However, she parked in an unfamiliar area of the lot. No cars obstructed her view of the ground below. When she exited her vehicle, she stepped into a one to two-inch deep pothole, fell, and landed on her wrist. She incurred medical expenses due to two subsequent surgeries. Gibson later argued her open car door obstructed her view of the pothole.

{¶22} The *Gibson* court acknowledged, notwithstanding, the objective nature of the inquiry, the question of whether a danger is open and obvious is not always a question that can be decided as a matter of law simply because it may be visible. *Furano v. Sunrise Inn of Warren, Inc.,* 11th Dist.

Trumbull No. 2008-T-0132, 2009-Ohio-3150, ¶ 23, citing *Hudspath, v. Cafaro, Co.,*11th Dist. *Ashtabula* No.2004-A-0073, 2005-Ohio-6911, ¶ 22. To the contrary, the "attendant circumstances" of a fall may create a material issue of fact regarding whether the danger was open and obvious. *Id.* Attendant circumstances involve all facts relating to the fall, such as "the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted." *Armstrong v. Meade,* 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, ¶ 14. In effect, therefore, attendant circumstances include distractions that divert an ordinary person's attention and provide a justifiable reason for the failure to perceive the otherwise open and obvious peril. *Hudspath, supra,* ¶ 19.

{¶23} In *Gibson*, the majority opinion held the only question was whether an obstruction of the pothole due to the car door constitutes an attendant circumstance preventing the application of the open and obvious doctrine as a matter of law. In finding that no attendant circumstances existed, the trial court determined that attendant circumstances cannot include an individual's activity at the moment of the fall, unless the individual's attention was diverted by a circumstance beyond the control of the injured party. See, *Collier v. Libations Lounge, LLC,* 8th Dist. Cuyahoga

No. 97504, 2012-Ohio-2390, ¶ 17.  In support of her appeal, Gibson directed the court's attention to *Jacobsen v. Coon Restoration & Sealants, Inc.,* 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563, where the Fifth District found that carrying a pizza box across a pizza shop's parking lot could constitute an attendant circumstance for tripping over a broken metal sign post.

{¶24} The *Gibson* court disagreed with the trial court's determination that a plaintiff's "individual activity" generally cannot create an attendant circumstance and therefore found a question of fact existed as to whether the pothole was an open and obvious condition. The *Gibson* court recognized its view was in significant disagreement with several other district courts.  See, *Collier, supra*; *Ray v. Wal-Mart Stores, Inc*., 4th Dist. Washington No. 08CA41, 2009-Ohio-4542, ¶ 31; *Alsbury v. Dover Chem. Corp.,* 5th Dist. Tuscarawas No. 2008 AP 10 0068, 2009-Ohio-3831; *McConnell v. Margello,* 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 17.

{¶25} However, in *Gibson,* Judge Rice dissented.  Writing separately, she stated: "The majority concedes that several other Ohio Appellate Districts disagree with its holding.  These districts uniformly hold that attendant circumstances do not include the plaintiff's activity at the moment of the fall, unless the plaintiff's attention was diverted by: (1) an unusual

circumstance, (2) of the property owner's making, (3) which is beyond the control of the plaintiff. *Ray, supra,* at ¶ 31 (Fourth District); *Alsbury, supra,* at ¶ 60 (Fifth District); *Collier, supra,* at ¶ 17 (Eighth District); *McConnell, supra,* at ¶ 17 (Tenth District).  Further, these holdings are consistent with, if not dictated by, *Armstrong v. Best Buy*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, the controlling law in this area.  In *Armstrong*, the Supreme Court of Ohio held:

> "We continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty.  By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.  The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability.  Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff. * * * Even under the Restatement [of the Law 2d, Torts, Section 343A] view [finding liability when the landowner should have anticipated harm caused by obvious dangers], we believe the focus is misdirected because it does not acknowledge that the condition itself is obviously hazardous and that, as a result, no liability is imposed. (Emphasis added.) Id. at ¶ 13."

**{¶26}** Judge Rice concluded:

> "The Supreme Court in Armstrong thus criticized Restatement of the Law 2d, Torts, Section 343A, and expressly declined to follow cases that have adopted it. *Armstrong* at ¶ 10. Consequently, I cannot concur with the majority's reliance on

that section of the Restatement and out-of-state cases that have followed it to support its holding. *Id.* at 36.

\* \* \*

Moreover, this court's prior, well-reasoned holding in *Furano, supra,* bars a plaintiff from recovering where the difficulty alleged to be an attendant circumstance was created by the plaintiff and solely within his control." *Id.* at 37.

{¶27} Here, Appellee begins by acknowledging the case law regarding "attendant circumstances" and Appellee responds that in this case, there is no evidence in the record to indicate the pothole in question was anything but an open and obvious condition.  Appellee points out Appellant testified: (1) she was aware of the existence of potholes in the parking lot, (2) she was fully able to describe the pothole in her deposition and was able to identify it in a photograph, (3) did not testify the pothole was hidden or obstructed, and (4) testified that her eyesight did not prevent her ability to see the pothole. We agree with the trial court's finding that Appellant's claim is barred by the application of the open and obvious doctrine.  Plaintiff chose to put the groceries in the back seat and back up without first looking to see if there was any danger.  We will continue to adhere to the well-established case law that attendant circumstances require the circumstance to be beyond the control of the person.

{¶28} Finally, Appellant argues that she was distracted by "putting her groceries in the car and perhaps by traffic in the parking lot as well." As such, the act of simply being forced to take a step backward because of the setup of the parking lot is an attendant circumstance.

{¶29} Again, Appellee points out the facts argued by Appellant regarding alleged attendant circumstances are not supported by evidence before the trial court or this court. Appellee argues that at no time did Appellant testify that she was distracted by any attendant circumstances, such as the act of putting her groceries in the car, barking dogs, arguing pedestrians, or delivery trucks moving through the lot. Upon review of Appellant's deposition testimony, we affirm the finding of the trial court that there was no evidence of attendant circumstances.

4. Contributory Negligence

{¶30} Having affirmed the trial court's previous findings, it would be sufficient to end our analysis here. However, Appellant also argues that Appellee suggests Appellant assumed the risk of parking in the lot and avoiding the holes, and that Appellant should have seen the particular hole and avoided it. Appellant argues this negates any care Appellee owed Appellant or any other customer. Appellant argues this raises issues of

assumption of the risk and contributory negligence, requiring a jury to weigh factual matters.

{¶31} Appellee asserts that it did not raise the above issues. Appellee points out that the open and obvious doctrine is a legal doctrine that nullifies the premises owner's duty to warn invitees of an alleged danger. The open and obvious doctrine does not raise issues of contributory negligence and assumption of the risk. Appellee recites the correct analysis in any slip and fall case begins with the designation of whether a plaintiff was a trespasser, invitee, or licensee and involves a determination of the duty owed. We also reiterate that, "[S]imply because resolution of a question of law involves a consideration of the evidence does not mean that the question of law is converted into a question of fact or that a factual issue is raised." *Nelson v. Sound Health Alternatives Intern. Inc.,* 4th Dist. Athens No. 01CA24, 2001 WL 1085298, *4, quoting *Ruta v. Breckenridge-Remy Co.,* 69 Ohio St.2d 66, 68, 430 N.E.2d 935, 937 (1982). As stated in *O'Day v. Webb,* 29 Ohio St.2d 215, 219, 280 N.E.2d 896, 899 (1972): "[A] review of the evidence is more often than not vital to the resolution of a question of law. But the fact that a question of law involves a consideration of the facts or the evidence does not turn it into a question of fact." See, also, *Henley v. Younstown Bd. Zoning Appeals*, 90 Ohio St.3d 142, 148, 735 N .E.2d 433, 439 (2000).

Upon our de novo review of the facts and circumstances, we find that there were no genuine issues of material fact and Appellee is entitled to summary judgment as a matter of law.  For the foregoing reasons, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, J., concurring in judgment only:

{¶32} Because I believe that duty is always and solely a question of law for the court to decide, I concur in judgment only.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Harsha, J.:   Concurs in Judgment Only with Opinion.

For the Court,

BY:   _____
Matthew W. McFarland,
Administrative Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**